UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Eastern Division

| | |
|---|---|
| MARGARITO V. CANALES and BENJAMIN J. BARDZIK,<br><br>    Plaintiffs<br>v.<br><br>LEPAGE BAKERIES PARK STREET LLC, CK SALES CO., LLC, and FLOWERS FOODS, INC.,<br><br>    Defendants | Civil Action No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

This is an action for unpaid wages, overtime compensation and other damages arising from the Defendants' employment of the Plaintiff, whom they misclassified as an independent contractor in violation of Massachusetts law.

### Parties, Jurisdiction and Venue

1. Plaintiff Margarito V. Canales ("Mr. Canales") is an individual residing at 46 Blossom Street, Apartment 1, Chelsea, MA 02150.

2. Plaintiff Benjamin J. Bardzik ("Mr. Bardzik") is an individual residing at 14 Concord Street, Lowell MA 01852.

3. Defendant Flowers Foods, Inc. (herein "Flowers") is a Georgia corporation with principal business address of 1919 Flowers Circle, Thomasville, GA 31757.

4. Defendant CK Sales, Co., LLC ("CK Sales") is a Delaware limited liability company with a principal business address of 11 Adamian Drive, Auburn, ME 04210, and is a wholly owned subsidiary of Flowers.

5. Defendant Lepage Bakeries Park Street LLC ("Lepage") is a Maine limited liability company with a principal business address of 11 Adamian Drive, Auburn, ME 04210, and is a wholly owned subsidiary of Flowers.

6. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332.

7. Venue is appropriate pursuant to 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claims herein occurred in Massachusetts.

## Facts

8. Defendant Lepage manufactures baked goods under various brand names, which baked goods are distributed and sold throughout Massachusetts by CK Sales, Flowers and Lepage.

9. CK Sales, Flowers and Lepage employ individuals ("delivery drivers") to deliver their baked goods and stock shelves at stores in Massachusetts along specific routes, also known as "territories."

10. Some of these individuals are employed by the Defendants through temporary staffing agencies and are treated as employees.

11. The Defendants classify other delivery drivers as independent contractors, referring to them as "independent distributors."

12. For a period of time prior to April 2018, the Defendants employed Mr. Canales and Mr. Bardzik ("the Plaintiffs") as delivery drivers through a temporary staffing agency.

13. During that time, the Plaintiffs were classified as employees and compensated through a combination of a flat rate and commission payments.

14. In or about late 2017, representatives of the Defendants approached the Plaintiffs and informed them that the route on which they were driving was going to be purchased soon.

15. The Plaintiffs were led to believe that their employment would be terminated unless they were interested in purchasing the route themselves, thereby becoming "independent distributors."

16. The Defendants told the Plaintiffs that if they wished to become "independent distributors," Massachusetts law required them to purchase "distribution rights" for a minimum of three routes.

17. The Defendants' representation concerning Massachusetts law was false and was made intentionally with the purpose of inducing the Plaintiffs to rely on it.

18. The Defendants also made specific representations to the Plaintiffs concerning the expected profitability of the routes, which representations were deliberately misleading and intended to induce the Plaintiffs' reliance.

19. In reliance on the Defendants' representations, the Plaintiffs ultimately "purchased" the supposed "distribution rights" for a total of four routes at a stated purchase price of nearly $290,000.00, more than 95% of which was financed through purported "loans" from the Defendants' affiliate.

20. The Defendants required the Plaintiffs to establish a corporate entity to operate the "distributorships," told the Plaintiffs which corporate form to use, and told the Plaintiffs exactly how to register the entity.

21. The Plaintiffs were required to sign purported contracts in connection with the purchase of the distribution rights, which were form contracts drafted entirely by the Defendants without any input from the Plaintiffs whatsoever and which were presented to the Plaintiffs on a "take it or leave it" basis.

22. Since April 2018, the Plaintiffs have worked up to 90 hours per week, with an average of 60 to 70 hours a week, for the Defendants as "distributors" and have been treated by the Defendants as independent contractors.

23. As "distributors," the Plaintiffs have not been paid hourly compensation, have not been entitled to reimbursement of expenses, and have not been paid benefits.

24. The Defendants have not paid payroll taxes for the Plaintiffs' work as "distributors," and have saved substantial amounts of money by shifting the burden of most expenses onto the Plaintiffs.

25. Such expenses borne by the Plaintiffs and not reimbursed by the Defendants have included but have not been limited to the compensation of delivery drivers, delivery truck payments, insurance payments, and gas and maintenance costs for delivery trucks.

26. In addition to the aforementioned expenses, the Plaintiffs have been charged substantial amounts of money by the Defendants on a weekly basis under the guise of "stale charges," which supposedly reflect baked goods that have been returned as stale.

27. The Plaintiffs have also been charged substantial amounts of money in "shrink charges," which are supposedly for missing or damaged goods.

28. The Defendants claim the sole authority to calculate and impose these stale and shrink charges, without input from the Plaintiffs.

29. Because the Defendants exercise control over the quantities of baked goods to be purchased and delivered, they are able to manipulate these charges to capture revenue that otherwise might have been paid to the Plaintiffs.

30. The Defendants have exercised control over almost all other aspects of the work performed by the Plaintiffs as "distributors."

31. Notwithstanding their status as supposedly independent "distributors," the Defendants have retained the ability to supervise and discipline the Plaintiffs; have required the Plaintiffs to comply with their policies and procedures in all respects; and have exercised control over the Plaintiffs' work schedules.

32. The Plaintiffs have been prohibited from making any independent business judgments or competing with the Defendants or any of its affiliated companies.

33. The Plaintiffs have had no ability to sell their "distributorships" to any other party without the Defendants' express permission.

34. The Plaintiffs' activity as "distributors" has been essentially identical to the activities regularly engaged in by the Defendants, and the Plaintiffs' services have been performed in the usual course of the Defendants' business of selling and distributing baked goods.

35. The Plaintiffs have not been customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service they perform for the Defendants as "distributors," nor could they given the amount of time they are required to devote to their work for the Defendants.

36. The Plaintiffs' compensation as "distributors," after paying for all the aforementioned expenses and after application of the "stale charges," "shrink charges" and other costs and penalties unilaterally imposed by the Defendants, is substantially less than it would be if the Defendants classified them properly as employees.

37. In some weeks, the Plaintiffs have received little to no compensation despite continuing to work up to 90 hours per week for the Defendants.

38. The Plaintiffs' inability to profit from the routes has resulted directly from the Defendants' control over the routes' operation. The Defendants have required the Plaintiffs to

pay for all the baked product up front and controlled how much of the baked product the Plaintiffs purchased.

39. The stale and shrink charges on top of the other expenses that the Plaintiffs were required to pay have substantially reduced the Plaintiffs' net pay.

## COUNT I
### All Defendants
### Violations of M.G.L. c. 149 § 148B

40. The Plaintiffs restate the allegations in each of the foregoing paragraphs and incorporate them herein.

41. As described in the foregoing paragraphs, the Defendants have misclassified the Plaintiffs as independent contractors in violation of M.G.L. c. 149 § 148B when they are actually employees as a matter of law.

42. Pursuant to M.G.L. c. 149 § 150, the Plaintiffs are entitled to the amount of their damages, including lost wages and benefits that would have been paid had the Defendants properly classified them as employees, and are entitled to have the amount of the lost wages and benefits trebled and to recover their reasonable attorneys' fees and litigation costs.

## COUNT II
### All Defendants
### Violations of M.G.L. c. 149 § 148

43. The Plaintiffs restate the allegations in each of the foregoing paragraphs and incorporate them herein.

44. As described in the foregoing paragraphs, the Defendants withheld wages earned by the Plaintiffs.

45. Pursuant to M.G.L. c. 149 § 150, the Plaintiffs are entitled to the amount of their damages, including lost wages and benefits, and are entitled to have the amount of the lost wages and benefits trebled and to recover their reasonable attorneys' fees and litigation costs.

## COUNT III
**All Defendants**
Violations of M.G.L. c. 151 § 1

46. The Plaintiffs restate the allegations in each of the foregoing paragraphs and incorporate them herein.

47. As a result of the Defendants' conduct described herein, the Plaintiffs were employed at oppressive and unreasonable wage as defined by M.G.L. c. 150 §§ 1 and 2.

48. Because they violated M.G.L. c. 150 § 1, the purported "distributorship" contracts between the Plaintiffs and the Defendants were null and void.

49. Pursuant to M.G.L. c. 151 § 20, the Plaintiffs are entitled to the amount of their lost minimum wage and are entitled to have the amount of the lost wages and benefits trebled and to recover their reasonable attorneys' fees and litigation costs.

## COUNT IV
**All Defendants**
Violations of M.G.L. c. 151 § 1A

50. The Plaintiffs restate the allegations in each of the foregoing paragraphs and incorporate them herein.

51. The Defendants failed to pay the Plaintiffs overtime compensation as required by M.G.L. c. 151 § 1A.

52. Pursuant to M.G.L. c. 151 § 1B, the Plaintiffs are entitled to the amount of their lost overtime compensation and are entitled to have the amount of the lost overtime compensation trebled and to recover their reasonable attorneys' fees and litigation costs.

## COUNT V
**All Defendants**
Unjust Enrichment

53. The Plaintiffs restate the allegations in each of the foregoing paragraphs and incorporate them herein.

54. By their conduct described herein, the Defendants have been unjustly enriched to the Plaintiffs' detriment and are liable to them for the full amount of the unjust enrichment.

### COUNT VI
### All Defendants
### Fraud/Misrepresentation

55. The Plaintiffs restate the allegations in each of the foregoing paragraphs and incorporate them herein.

56. The Defendants' representations described in the foregoing paragraphs concerning the supposed profitability of the "distributorship" arrangement, as well as the supposed need for the Plaintiffs to purchase three routes or "territories" were false, were made with knowledge of their falsity, and were intended to induce the Plaintiffs' reliance upon them.

57. The Plaintiffs relied on the Defendants' misrepresentations to their detriment, and the Defendants are liable for the full amount of their resulting damages.

### COUNT VII
### All Defendants
### Breach of Contract

58. The Plaintiffs restate the allegations in each of the foregoing paragraphs and incorporate them herein.

59. By their actions described herein, the Defendants have breached their employment contract with the Plaintiffs and are liable to them in the full amount of their resulting damages.

### COUNT VIII
### All Defendants
### Breach of the Implied Covenant
### of Good Faith and Fair Dealing

60. The Plaintiffs restate the allegations in each of the foregoing paragraphs and incorporate them herein.

61. By their actions described herein, the Defendants have breached their covenant of good faith and fair dealing implied in their employment contract with the Plaintiffs and are liable to them in the full amount of their resulting damages.

WHEREFORE, the Plaintiff respectfully asks the Court for the following relief:

a) An award to the Plaintiffs of their damages, including but not limited to treble damages for unpaid wages and overtime compensation;

b) An award to the Plaintiffs of their reasonable attorneys' fees and costs of litigation; and

c) Such other and further relief as the Court shall deem appropriate.

**THE PLAINTIFFS DEMAND A JURY TRIAL
IN THIS MATTER ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

Plaintiff Margarito V. Canales and
Plaintiff Benjamin J. Bardzik

By their attorney,

/s/Benjamin C. Rudolf
Benjamin C. Rudolf, BBO# 667695
Murphy & Rudolf LLP
One Mercantile St., Suite 740
Worcester, MA 01608
Office: (508) 425-6330
Fax: (508) 536-0834
brudolf@murphyrudolf.com

Dated: June 17, 2021