UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| MARGARITO CANALES, and<br>BENJAMIN BARDZIK,<br><br>     Plaintiffs<br><br>v.<br><br>LEPAGE BAKERIES PARK STREET LLC,<br>CK SALES CO., LLC and<br>FLOWER FOODS, INC.,<br><br>     Defendants | CIVIL ACTION NO.:  1:21-CV-40065 |

## **PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT RECORD**

   Plaintiffs Maragrito Canales and Benjamin Bardzik ("Plaintiffs") respectfully move the Court for leave to supplement the record with respect to those facts to be considered by the Court in ruling on Defendants' Motion to Dismiss, or in the Alternative, to Compel Arbitration.  Just prior to Plaintiffs' filing of their Opposition to Defendants' motion, the U.S. Court of Appeals for the Third Circuit issued its decision in Harper v. Amazon.com Services, Inc., 2021 U.S. App. LEXIS 26959 (3rd Cir., Sept. 8, 2021).  In that decision the Third Circuit signaled its agreement with the trial court's conclusion that limited discovery might be necessary with respect to the issue of whether the plaintiffs qualified for the "transportation workers" exemption in the Federal Arbitration Act ("FAA"), an issue of dispute in this case.[1]

---

[1] The Harper decision also made clear that the formation of an enforceable agreement to arbitrate is a threshold question of state law, which is likewise true in the First Circuit.  For the reasons given in their Opposition, Plaintiffs dispute that the agreement at issue in this case (both generally and specifically with respect to the arbitration provision) is an enforceable agreement under Massachusetts law.

The pleadings and currently existing factual record in this case should suffice to establish that Plaintiffs are transportation workers for purposes of the FAA's exemption. While the First Circuit's decision in Waithaka v. Amazon.com, Inc. does not require that discovery be conducted on the issue in cases such as this, the Court did note that, in determining the question of "whether a class of workers is engaged in interstate commerce," the court "might consider information regarding the industry in which the class of workers is engaged and … regarding the work performed by those workers." 966 F.3d 10, 25 (1st Cir. 2020), quoting Singh v. Uber Techs. Inc., 939 F.3d 210, 227-28 (3d Cir. 2019) (internal quotation marks omitted). A more complete factual record could only serve to enhance the Court's understanding of the applicable facts. While actual discovery would be neither necessary nor appropriate at this stage, Plaintiffs request that the Court allow supplementation of the record in two respects.

First, Plaintiffs propose for submission supplemental affidavits they have signed which contain their written testimony regarding the specific duties they perform and have performed while working for Defendants as so-called "independent distributors." These supplemental affidavits demonstrate, even more clearly than the Complaint and their affidavits already submitted, how their duties fall squarely within the scope of those performed by transportation workers as defined for purposes of the FAA exemption. Plaintiffs work full-time driving trucks delivering Defendants' bread products to Defendants' customers in the stream of interstate commerce. In addition, they spend a certain amount of time every week supervising other drivers performing the same tasks. See, e.g. Cunningham v. Lyft, Inc., 450 F. Supp. 3d 37, 46 (D. Mass. 2020) (recognizing supervisor of drivers falls within transportation workers exemption); accord, Palcko v. Airborne Express, Inc., 372 F. 3d 588 (3d Cir. 2004); Lenz v. Yellow Transp., Inc., 431 F.3d 438 (2005).

Second, Plaintiffs propose that the Court consider factual findings made by other courts with respect to misclassified "independent distributors" employed by Defendants. The FAA's transportation workers exemption uses the phrase "class of workers," meaning that the relevant facts here may include not only Plaintiffs' own circumstances but also those of other "independent distributor" plaintiffs in other courts. Defendants have already asked the Court to consider the decision in Bissonette v. Lepage Bakeries Park St., LLC, 460 F. Supp. 3d 191 (D. Conn. 2020). As indicated in Plaintiffs' Opposition, the Court should disregard that court's decision because its legal conclusions squarely conflict with the controlling decision in Waithaka, supra.[2] The Bissonette decision was also made based on a scant factual record. However, the Court should consider factual findings made in the following cases involving Defendants' employees where the factual record was more fully developed. See, e.g. Rehberg v. Flowers Baking Co. of Jamestown, LLC, 162 F. Supp. 3d 490, 501-03 (W.D.N.C. 2016); Coyle v. Flowers Foods Inc., No. CV-15-01372-PHX-DLR, 2016 U.S. Dist. LEXIS 116422, at *3-4 (D. Ariz. Aug. 29, 2016); McCurley v. Flowers Foods, Inc., No. 5:16-CV-00194-JMC, 2016 U.S. Dist. LEXIS 146739, 2016 WL 6155740 (D.S.C. Oct. 24, 2016); Medrano v. Flowers Foods, Inc., No. 16-350 JCH/KK, 2017 U.S. Dist. LEXIS 102812 (D.N.M. July 3, 2017); Zapata v. Flowers Foods Inc., No. 4:16-CV-676, 2016 U.S. Dist. LEXIS 189279 (S.D. Tex. Dec. 20, 2016); Neff v. Flowers Foods, Inc., No. 5:15-cv-254, 2019 U.S. Dist. LEXIS 238105 (D. Vt. May 16, 2019). The findings in these cases, all of which involve(d) plaintiffs who entered into similar agreements with the Defendants in this case, provide strong factual

---

[2] The Bissonette decision has been appealed, and oral argument in the case is set for October 2021. See 2nd Circuit oral argument calendar, available at: https://www.huntcal.com/cal/eventview/USCA2/USCA2?yr=2021;ob=0;obgi=n;tw=100%;d=22;m=10;s=l;vm=r-h-f-l;id=631116751;obs=1;obgc=ffffff;bg=w.

support demonstrating that the Plaintiffs in this case fall squarely within the duties and conduct contemplated by the transportation workers exemption.

WHEREFORE, Plaintiffs request that the Court accept for filing their Supplemental Affidavits submitted herewith and also take into consideration the factual conclusions made in the foregoing cases cited.

        Respectfully Submitted,
        Plaintiffs Margarito Canales and
        Benjamin Bardzik,

        By their Attorney:

        */s/ Benjamin C. Rudolf*
        Benjamin C. Rudolf, BBO# 667695
        Murphy & Rudolf, LLP
        One Mercantile Street, Suite 740
        Worcester, MA 01608
        P: (508) 425-6330
        F: (508) 536-0834
        E: brudolf@murphyrudolf.com

## CERTIFICATE OF LR 7.1 COMPLIANCE

I, Benjamin C. Rudolf, Attorney for the Plaintiffs in the foregoing matter, hereby certify that I conferred with Defendants' counsel on September 27, 2021, that counsel attempted in good faith to resolve or narrow the issue presented by this motion, and that those efforts were unsuccessful.

*/s/ Benjamin C. Rudolf*
Benjamin C. Rudolf         Dated: September 29, 2021

## CERTIFICATE OF SERVICE

I, Benjamin C. Rudolf, Attorney for the Plaintiffs in the foregoing matter, hereby certify that on September 29, 2021, I filed the foregoing via the Court's CM/ECF system, which will automatically send a notice of filing to counsel of record.

*/s/ Benjamin C. Rudolf*
Benjamin C. Rudolf         Dated: September 29, 2021