UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| MARGARITO CANALES, and<br>BENJAMIN BARDZIK,<br><br>          Plaintiffs<br><br>v.<br><br>LEPAGE BAKERIES PARK STREET LLC,<br>CK SALES CO., LLC and<br>FLOWER FOODS, INC.,<br><br>          Defendants | CIVIL ACTION NO.:  1:21-cv-40065 |

**PLAINTIFFS' LIMITED OPPOSITION TO DEFENDANTS' MOTION
TO STAY CASE PENDING SUPREME COURT DISPOSITION OF
FORTHCOMING PETITION FOR WRIT OF CERTIORARI**

Plaintiffs Margarito Canales and Benjamin Bardzik ("Mr. Canales and Mr. Bardzik" or "Plaintiffs") hereby submit their limited opposition to the Defendants' Motion to Stay proceedings in this case pending disposition by the Supreme Court of *Bissonnette v. LePage Bakeries Park St.*, S.Ct. Dkt. No. 23-51, and the Defendants' own forthcoming Petition for Writ of Certiorari, insomuch as it would bar this Court from issuing a ruling denying the Defendants' second Motion to Dismiss or Compel Arbitration, opposed by the Plaintiffs on July 31, 2023. Before issuing a stay, the Court should deny the Defendants' pending Motion to Dismiss or Compel Arbitration.

The Defendants have yet to file their petition for certiorari, and following grant of their petition to extend the time for filing by sixty days, the deadline to file is October 30, 2023. Plaintiffs intend to oppose Defendants' petition, which would further delay resolution by this

Court of the Plaintiffs' wage and misclassification claims, pending since June 17, 2021. Despite the Defendants' assertion that this matter and *Bissonette* involve the same business model and same legal issue, the factual records in the two cases are substantially different, as are the outcomes in the District Courts and Court of Appeals, and there is no guarantee that the Defendants' as-of-yet unfiled petition will be granted or that the Supreme Court will take the very particular actions predicted in the Defendants' motion.

Meanwhile, currently pending before this Court—and unresolved—is the Defendants' second Motion to Dismiss or, in the Alternative, to Compel Arbitration, this time on state law grounds. The Defendants had previously declined multiple opportunities to demand arbitration on state law grounds, instead pursuing an appeal before the First Circuit. As discussed in the Plaintiffs' opposition to their motion, Defendants have waived any right to compel arbitration on state law grounds by acting inconsistently with an intention to exercise such a right.

In *Coinbase, Inc. v. Beilski*, the Supreme Court concluded that a district court should have stayed its proceedings while the defendant's interlocutory appeal on arbitrability was pending. 599 U.S. 736, 740(2023). "An appeal, including an interlocutory appeal," the Court explained, "'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.*, quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The Defendants' request to compel arbitration on *state law* grounds, however, is not at issue in their appeal of this Court's denial of their motion to compel arbitration <u>under the Federal Arbitration Act</u>. Nor would the Court's denial of the pending motion interfere with that issue.

The Supreme Court additionally reasoned, in *Coinbase*, that allowing district court proceedings to continue while the issue of arbitrability was appealed would result in "many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the

2

like) [being] irretrievably lost[.]" *Coinbase*, 599 U.S. at 743. The history of litigation in this case, however, itself evidences Defendants' lack of genuine interest in the purposes of arbitration. And by moving to stay even resolution of their second motion to compel arbitration, contrary to their stated interests in "fairness" and "efficient use of judicial resources," the Defendants would in fact *delay* potential resolution of the matter until they can again engage in protracted, expensive, complex appellate litigation. What Defendants truly seek is not an efficient resolution of this case but a Supreme Court decision upholding the validity of the arbitration clauses they inserted into their agreements with numerous distributors. Their motion to stay constitutes further reason for the Court to deny their motion to compel arbitration under state law grounds. For the reasons given in Plaintiffs' opposition previously submitted to the Court, Defendants' motion to compel arbitration under state law grounds can and should be denied regardless of whether a stay of proceedings generally might be appropriate.

To the extent that the Court might be concerned about concurrent appeals in the event the Defendants' Motion to Dismiss or Compel Arbitration on state law grounds were denied, the Plaintiffs would prefer that prospect to the potential for a second appeal *after* resolution of the currently pending interlocutory appeal, restarting the appellate process altogether and further delaying resolution of their claims in this Court.

## Conclusion

For the foregoing reasons, the Plaintiffs respectfully request that this Court deny the Defendants' Motion to Dismiss or Compel Arbitration prior to granting a stay of these proceedings.

                    Respectfully Submitted,

                    Plaintiffs Margarito Canales and Benjamin Bardzik,

                    By their Attorneys:

                    */s/Benjamin C. Rudolf*
                    Benjamin C. Rudolf, BBO# 667695
                    Sarah H. Varney, BBO# 710319
                    Murphy & Rudolf, LLP
                    446 Main Street, Suite 1503
                    Worcester, MA 01608
                    P: (508) 425-6330
                    F: (508) 536-0834
                    brudolf@murphyrudolf.com
                    varney@murphyrudolf.com

Dated: October 11, 2023

**CERTIFICATE OF SERVICE**

     I, Sarah H. Varney, Attorney for the Plaintiffs in the foregoing matter, hereby certify that on October 11, 2023, I filed the foregoing via the Court's CM/ECF system, which will automatically send a notice of filing to counsel of record.

     */s/ Sarah H. Varney*
     Sarah H. Varney

Dated: October 11, 2023