UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARGARITO V. CANALES and<br>BENJAMIN J. BARDZIK | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| LEPAGE BAKERIES PARK STREET LLC, | * | Civil Action No. 1:21-cv-40065-ADB |
| CK SALES CO., LLC, and FLOWERS | * | |
| FOODS, INC., | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

**<u>MEMORANDUM AND ORDER</u>**

BURROUGHS, D.J.

Margarito V. Canales and Benjamin J. Bardzik (together, "Plaintiffs") brought this action against Lepage Bakeries Park St., LLC, CK Sales Co., LLC, and Flowers Foods, Inc. (together, "Defendants"), alleging that Defendants deliberately misclassified Plaintiffs as independent contractors in violation of Massachusetts law and, as a result, improperly withheld wages and overtime compensation. See [ECF No. 1 ("Compl.")].

Presently before the Court is Defendants' motion to dismiss or, in the alternative, to stay and compel arbitration under the Massachusetts Uniform Arbitration Act ("MUAA"). [ECF No. 38]. For the reasons set forth below, Defendants' motion is <u>DENIED</u>.

## I.   BACKGROUND[1]

Defendants manufacture, sell, and distribute baked goods throughout Massachusetts, [Compl. ¶¶ 8–9; ECF No. 10-1 ¶¶ 2–4], and Plaintiffs worked as delivery drivers for Defendants, [Compl. ¶ 12].  On June 17, 2021, Plaintiffs filed an eight-count complaint, alleging violations of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, §§ 148, 148B; the Massachusetts Minimum Fair Wage Law, Mass. Gen. Laws ch. 151, §§ 1, 1A; unjust enrichment; fraud/misrepresentation; breach of contract; and breach of the implied covenant of good faith and fair dealing.  [Id. ¶¶ 40–59].

On August 13, 2021, Defendants filed a motion to dismiss or, in the alternative, to compel arbitration pursuant to the Federal Arbitration Act ("FAA").  [ECF No. 9].  The Court denied the motion on March 30, 2022, finding that Plaintiffs were "exempt from the FAA and [could not] be compelled to arbitrate pursuant to the statute."  [ECF No. 25 at 15].  The Court also found, however, that "the issue of state arbitration law remains," and issued the following order:

> Within fourteen (14) days of the date of this Order, Defendants should file a renewed motion to dismiss only addressing the specific issue of state arbitration law or a status report indicating that they will not file another motion to dismiss.

[Id. at 15–16].

Defendants did not file a renewed motion or status report as ordered by the Court. Instead, on April 11, 2022, Defendants appealed the Court's decision to the First Circuit.  [ECF No. 26].

---

[1] A summary of the facts is set out in the Court's order on Defendants' first motion to dismiss or, in the alternative, to compel arbitration.  [ECF No. 25].  The Court only repeats facts as necessary and relevant here.

More than a year later, on May 5, 2023, the First Circuit affirmed the Court's denial of Defendants' motion to dismiss or, in the alternative, to compel arbitration.  [ECF No. 30].  Defendants have indicated that they intend to file a petition for a writ of certiorari to the Supreme Court in which they will ask the Supreme Court to vacate the First Circuit's ruling.  [ECF No. 41 at 2].

On July 17, 2023, Defendants filed the instant motion to dismiss or, in the alternative, to stay and compel arbitration under the MUAA.  [ECF No. 38].[2]  Plaintiffs filed an opposition on July 31, 2023.  [ECF No. 40].

## II.    ANALYSIS

In addition to several arguments addressing whether arbitration is appropriate under the MUAA, Plaintiffs argue that Defendants waived their arguments under Massachusetts law "[b]y ignoring the Court's express invitation to brief the issue of whether Plaintiffs could be compelled to arbitrate under the MUAA and instead immediately appealing the FAA issue."  [ECF No. 40 at 7].  The Court agrees, and thus only addresses waiver.

"Whether a party has waived arbitration is a question of arbitrability for the court to determine."  O'Brien v. Hanover Ins. Co., 692 N.E.2d 39, 43 (Mass. 1998) (quoting Martin v. Norwood, 478 N.E.2d 955, 957 (Mass. 1985)).  "The essential question is whether, under the totality of the circumstances, the defaulting party acted inconsistently with the arbitration right."  Home Gas Corp. of Mass., Inc. v. Walter's of Hadley, Inc., 532 N.E.2d 681, 683 (Mass. 1989) (internal quotation marks and citations omitted).

---

[2] The First Circuit's mandate issued on June 12, 2023.  [ECF No. 31].  Three days later, the Court ordered Defendants to file, by July 17, 2023, "a renewed motion to dismiss only addressing the specific issue of state arbitration law or a status report indicating that they will not file another motion to dismiss."  [ECF No. 32].

The MUAA "express[es] a strong public policy favoring arbitration as an expeditious alternative to litigation for settling commercial disputes."  Home Gas Corp., 532 N.E.2d at 683 (alteration in original) (quoting Danvers v. Wexler Constr. Co., 422 N.E.2d 782, 784 (Mass. App. Ct. 1981)); cf. United Nuclear Corp. v. Gen. Atomic Co., 597 P.2d 290, 299 (N.M. 1979) (regarding the FAA, "[t]he reasons for the encouragement of arbitration are to ease the congestion in the court systems, to speed up the resolution of disputes, and to afford a more economical means of disposing of cases").  "The right to arbitration 'may be lost, as any contractual right which exists in favor of a party may be lost through a failure properly and timely to assert the right.'"  Home Gas Corp., 532 N.E.2d at 683 (quoting Bodine v. United Aircraft Corp., 125 Cal. Rptr. 344, 344 (Cal. Ct. App. 1975)).

 Facts that "will justify a holding that a party has waived his rights to arbitration" include, as relevant here, whether (1) "the party has actually participated in the lawsuit or has taken other action inconsistent with his right," (2) "the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated by the defendant to the plaintiff," (3) "there has been a long delay in seeking a stay or whether the enforcement of arbitration was brought up when trial was near at hand," and (4) "the other party was affected, misled, or prejudiced by the delay." Home Gas Corp., 532 N.E.2d at 683–84 (internal citations and quotations omitted).

In Oliveira v. New Prime, Inc., a different session of this Court held that a defendant had waived its right to compel arbitration under the Missouri Uniform Arbitration Act where the defendant initially moved to compel arbitration under the FAA, the court denied the motion, the defendant appealed to the First Circuit and the Supreme Court, and then, "three and a half years after th[e] case was filed," moved under state law to compel arbitration.  424 F. Supp. 3d 206,

208 (D. Mass. 2019) (Saris, C.J.).  The court found that the defendant waived its right to arbitration under state law because it did not raise the state law argument until "more than two years after litigation commenced and after both the district court and circuit court had ruled on [the defendant's] motion to compel arbitration or dismiss," id. at 213, which was inconsistent with the purpose of arbitration, id. at 212–13.  The court also reasoned that the plaintiff was prejudiced because the defendant

> spent more than four years litigating a threshold issue regarding arbitration under the FAA.  A timely motion to compel arbitration under the [Missouri] UAA could have saved the Plaintiffs, . . . and the Court unnecessary time and expense.  But [the defendant] chose not to invoke the [Missouri] UAA until it faced a potential loss on the FAA issue in the Supreme Court.  Meanwhile, the [plaintiff] drivers - who may have earned negative weekly pay due to improper deductions - have not received relief.

Id. at 213.  Moreover, the court found that denying the motion to compel arbitration under state law was "consistent with the purpose of the waiver doctrine" because

> [d]eclining to find waiver in this case would create a loophole for defendants who seek to compel arbitration . . . .  Defendants could choose one statute, such as the FAA or a state arbitration statute, to compel action against [] plaintiffs, and then – and only if they lose – have the chutzpah to invoke the other statute years later.  This situation denies parties the benefit of arbitration: the efficient and low-cost resolution of disputes.  Defendant's conduct reflects dilatory litigation tactics at their worst, by preventing the timely resolution of an important dispute about the payment of minimum wages.

Id. at 214 (internal quotations and citations omitted).

Here, Defendants filed their initial complaint in June 2021, [Compl.], moved to dismiss or compel arbitration under the FAA in August 2021, [ECF No. 9], and the motion was denied in March 2022 with an explicit order to raise state law arbitrability within 14 days, [ECF No. 25 at 15].  Instead of raising state law arbitrability, Defendants appealed to the First Circuit, [ECF No. 26], which affirmed the Court's denial under the FAA in May 2023, [ECF No. 30].

Now, more than two years after filing its complaint, and after litigating the case under the FAA and expending resources on appeal, Defendants move under the MUAA.  [ECF No. 38]. Moreover, they seek a stay pending their appeal to the Supreme Court, [ECF No. 41], which would only further delay resolution in this case.  Like the defendant in Oliveira, Defendants' delay is inconsistent with the purpose of arbitration and would prejudice Plaintiffs by forcing them to spend years litigating the "threshold issue regarding arbitration under the FAA," when "[a] timely motion to compel arbitration under the [Massachusetts] UAA could have saved the Plaintiffs . . . and the Court unnecessary time and expense."  See 424 F. Supp. 3d at 213. Accordingly, the Court finds that Defendants waived the right to arbitrate under Massachusetts law.

**III.   CONCLUSION**

For the reasons set forth above, Defendants' motion, [ECF No. 38], is DENIED.

**SO ORDERED.**

October 31, 2023                                   /s/ Allison D. Burroughs
                                                   ALLISON D. BURROUGHS
                                                   U.S. DISTRICT JUDGE